# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| In re | : | |
| SEBASTIAN J. SERRA, | : | |
| JULIA T. SERRA, | : | Chapter 7 |
| Debtors | : | No. 04-41076 |
| | : | |

## MEMORANDUM OF DECISION ON DEBTORS' MOTION TO REOPEN CASE AND CREDITOR FACTORS FUNDING COMPANY'S OPPOSITION THERETO

This matter came before the Court for a hearing on the Motion of Sebastian J. Serra and Julia T. Serra to Reopen Case [Docket #51] and the Opposition of Creditor Factors Funding Company thereto [Docket #52]. For the reasons set forth herein, the Debtors' Motion to Reopen is DENIED.

**FACTS**

The relevant facts are undisputed. Sebastian and Julia Serra ("Debtors") granted a mortgage ("Mortgage") on their home to Factors Funding Company ("Lender") in September 2001. The Debtors later executed two notes ("Notes") to the Lender in July 2003 for $116, 208.65 and February 2006 for $57,800.00. In the interim, the Debtors filed for bankruptcy in February 2004 and received their discharge in November 2005. Their case was closed in July 2006.[1] *See* Exhibit #1 to Creditor's Memorandum [Docket #75].

**ISSUE**

The Debtors now seek to reopen their Chapter 7 case to discharge the 2006 Note, which was signed after the discharge, but five months before the bankruptcy case was closed. The Debtors argue that the Mortgage is not valid because it was for "unlimited funds" and thus lacked definite terms, and that the Mortgage does not secure the 2006 Note, which was executed years later and after the bankruptcy filing. The Mortgage stated in relevant part that it was "*to secure the performance of our guaranty of even date…in the amount of UNLIMITED FUNDS to secure the payment of all or any other liability, direct or indirect, of the Mortgagor or any of them to the holder or holders hereof, whether now due or hereafter due or contracted,…*"

---

[1] The 2003 Note is not in dispute; it was listed as a secured claim on Schedule D of the Debtors' petition.

*See* Exhibit #1 to Debtors' Memorandum [Docket #73] (capitalization in original).  The Debtors' arguments ignore the key language in the Mortgage.  The phrase "unlimited funds" was used within the context of a so-called "dragnet clause" so the more precise issue is whether such a clause secures the Debtors' later-acquired debt.  The Court rules that it does because a dragnet clause *by design* secures an unspecified amount of future advances.  The Court also rules that the post-petition timing of the 2006 Note is not relevant to its decision; state law, not the Bankruptcy Code, determines the reach of a dragnet clause.  Thus, the Court rules that the Mortgage is valid and secures the 2006 Note.

**DISCUSSION**

Massachusetts recognizes mortgage provisions that draw in future, unspecified obligations.  *See generally* 28 Mass. Prac. §9.16 (2006).  This is often accomplished by structuring the transaction in one of three common ways: (1) flexible mortgage[2]; (2) open-end mortgage[3]; or (3) dragnet clause.[4]  A dragnet clause is a "mortgage provision that purports to make the real estate security for other, usually unspecified debts that the mortgagor may already owe or may owe in the future to the mortgagee."  *In re Ballarino*, 180 B.R. 343, 346 (D. Mass. 1995) (citing Osborne, Nelson, and Whitman, *Real Estate Finance Law*, §12.8 at 228-9 (1979)).  Here, the Mortgage at issue contains a dragnet clause; specifically it secures debts "*whether now due or hereafter due or contracted.*"

Massachusetts courts generally enforce dragnet clauses.  *See generally Everett Credit Union v. Allied Ambulance Services, Inc.,* 12 Mass. App. Ct. 343, 424 N.E.2d. 1142 (1981); *Financial Acceptance Corp. v. Garvey*, 6 Mass. App. Ct. 610, 380 N.E.2d. 1332 (1978).  Massachusetts courts consider (1) the intent of the parties and (2) the language employed in the mortgage.  *Garvey*, 6 Mass. App. Ct. at 613.  *See also Ballarino*, 180 B.R. at 346.  They can rely solely on the language used in the instrument, or the lack thereof, in determining the

---

[2] Under a flexible mortgage, the mortgagee can make future advances for repairs, improvements, taxes, and liens so long as the total of these advances and the balance due on the mortgage does not exceed the amount originally secured by the mortgage.  *See* MASS. GEN. LAWS ANN. ch. 183, § 28A (West 2006).  Section 28A is not applicable as the future advances were not used for any of the enumerated purposes, but rather were used for the Debtors' fruit business.

[3] Under an open-end mortgage, the mortgagee can make future advances for any purpose provided the mortgage stated it was to secure sums loaned from time to time pursuant to an "open-end credit plan."  *See* MASS. GEN. LAWS ANN. ch. 183, §28B (West 2006).  Section 28B is not applicable because the Mortgage did not include the necessary language referencing an open-end credit plan.

[4] A dragnet clause generally reads to the effect that: "*The mortgage is security for the payment of the aforesaid obligation and all other direct and contingent liabilities of the mortgagor hereof to the holder hereof due or to become due, whether now existing or hereafter contracted.*"  28B Mass. Prac. §51.21 (2006).

parties' intent and need not consider other evidence. *See Allied Ambulance*, 12 Mass. App. Ct. at 347.[5] Massachusetts courts also consider whether the later-acquired debt is of the "same general kind as that secured by the mortgage," including whether the additional amounts were all part of a continued course of dealing between the lender and the individual or business. *Garvey*, 6 Mass. App. Ct. at 613-4.

Bankruptcy Courts use the state law test when considering dragnet clauses. *See In re Chiodetti*, 163 B.R. 6 (Bankr. D. Mass. 1994); *In re Moran*, 163 B.R. 11 (Bankr. D. Mass. 1994). In *Chiodetti*, the court held that the mortgage did not secure a later note, specifically finding that although the mortgage referred to other obligations, it did not contain any language referring to indebtedness "hereafter arising, as provided in the note or notes given therefore…" as in *Garvey*, or to the real estate being security for all direct and contingent liabilities "whether now existing or hereafter contracted" as in *Allied Ambulance*. *Chiodetti*, 163 B.R. at 9. *Accord Moran*, 163 B.R. at 16 (holding that the mortgage did not secure future advances because it lacked a dragnet clause). The court stressed that "Massachusetts law permits interpretation of the mortgage *alone* to discover the intention of the parties and the extent of the security." *Chiodetti,* 163 B.R. at 10.

Here, the Court need only consider the language of the Mortgage. The Mortgage was clearly intended to secure any and all debts whether then existing or subsequently arising as it includes the *exact* phrase used in *Allied Ambulance* and emphasized in *Chiodetti*. Furthermore, the 2006 transaction was part of an ongoing business relationship between the Debtors' fruit company and the Lender, which began before long before the bankruptcy filing. The Lender made a series of cash advances to keep the Debtors' business afloat and the Mortgage and Notes were executed to reflect this. The Court is satisfied that the Lender secured its future advances with the Mortgage by including a standard dragnet clause, enforceable under Massachusetts law. Given the Court's finding that the Mortgage secures the 2006 Note, it would be meaningless to reopen the Debtors' case. *See In re Thibodeau*, 136 B.R. 7 (Bankr. D. Mass. 1992).

---

[5] In *Allied Ambulance*, the mortgage contained a dragnet clause virtually identical to that used in the Debtors' Mortgage. *Id.* at 344-5. The mortgage was executed in 1971 and the note (which did not mention the earlier mortgage) was executed in 1975. *Id*. The court relied on the plain language of the mortgage because it lacked other evidence of the parties' intent, and held that the earlier mortgage secured the later-acquired debt. *Id.*

3

**CONCLUSION**

For the reasons set forth herein, the Debtors' Motion to Reopen is DENIED.

A Separate order shall issue.

Date: November 17, 2006

_____

Joel B. Rosenthal

United States Bankruptcy Judge